FILED
06/11/2025
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2025

**STATE OF TENNESSEE v. FERNANDO BALLARD**

**Appeal from the Circuit Court for Sevier County**
**No. 23-CR-643      Jeffrey D. Rader, Judge**

_____

**No. E2024-01315-CCA-R3-CD**

_____

Defendant, Fernando Ballard, appeals the trial court's decision to fully revoke his probation. He contends that the trial court did not have authority to fully revoke his probation because there was insufficient evidence to find that Defendant committed a non-technical violation. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and MATTHEW J. WILSON, JJ., joined.

Brennan M. Wingerter, District Public Defenders Conference – Appellate Division, Franklin, Tennessee (on appeal) and Shannon J. Holt, Sevierville, Tennessee (at trial) for the appellant, Fernando Ballard.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jimmy Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 24, 2022, Defendant was involved in an accident while operating a motor vehicle under the influence of alcohol and marijuana. The road on which the accident occurred was in a residential area and had a speed limit of twenty-five miles per hour. An examination of the vehicle's airbag control module revealed that seconds before the accident, it was traveling 82.2 miles per hour and struck a tree at approximately fifty miles per hour. The accident killed one passenger and injured another.

On May 22, 2023, Defendant was indicted by a Sevier County Grand Jury on one count of vehicular homicide by recklessness, one count of vehicular homicide by intoxication, and two counts of reckless endangerment involving a deadly weapon. Defendant pled guilty as a Range II offender to one count of vehicular homicide by recklessness and one count of reckless endangerment involving a deadly weapon. As part of the plea agreement, the State agreed to dismiss the other two counts and recommend a ten-year sentence, with twelve months to serve in the Tennessee Department of Correction ("TDOC") and the balance to be supervised on probation. The State further recommended that Defendant's driver's license be suspended for three years and that he be ordered to pay $20,339.44 in restitution and maintain employment for the duration of his probation.

On March 5, 2024, the trial court accepted the plea agreement and entered judgments pursuant thereto. Defendant received pretrial jail credit for the period from February 22, 2023, to March 4, 2024, and was released from custody shortly after the judgments were entered. Defendant reported to the Sevier County Probation Office on March 13, 2024, and his supervision was transferred to Knox County.

Defendant was arrested in connection with another motor vehicle accident in Sevier County that occurred on May 10, 2024. In the affidavits supporting his arrest warrants, Deputy Moore testified that he "responded to the [scene] in reference to a motor vehicle accident with minor injuries" and that Defendant had fled prior to Deputy Moore's arrival. When Deputy Moore ran the license plate on Defendant's vehicle, he discovered that Defendant's license had been revoked. Deputy Moore also stated in the affidavit that the vehicle lacked any proof of financial responsibility. Defendant was subsequently charged with fleeing the scene of an accident; driving while his license was cancelled, suspended, or revoked; and violating the financial responsibility law.

Included in the record is a "Notice of Sanction" filed by TDOC on May 21, 2024, asserting that Defendant had violated his probation based upon a "new criminal charge" described as a "zero tolerance violation." A Probation Violation Report was prepared the same day, alleging that Defendant had violated his probation by, as relevant here, fleeing the scene of an accident; driving while his license was cancelled, suspended, or revoked; and violating the financial responsibility law. The report claimed that "minor injuries occurred in the vehicle accident." Copies of the Sevier County arrest warrants for the underlying offenses and Deputy Moore's supporting affidavits were attached to the report. An arrest warrant for Defendant was issued and executed based upon these alleged violations.

The trial court held a probation violation hearing on August 5, 2024. Defendant entered an open plea, admitting that he violated his probation but leaving the consequences

of the violation to the trial court. The State recommended that Defendant's probation be fully revoked based upon the severity of the underlying crimes and the fact that the violations occurred shortly after his release from custody. The State further provided, "Apparently [Defendant] was involved in a motor vehicle accident in which the victim did sustain injuries, a Class A misdemeanor. . . . He pled guilty subsequently in sessions court to those charges . . . and, therefore, he's before the Court today." Defendant did not object. Defendant, through his attorney, requested the trial court transfer Defendant's supervision to New York so that he could live with his sisters. His attorney further expressed Defendant's remorse for the underlying convictions and that Defendant intended to take advantage of New York's public transportation system so that he could avoid driving. Neither party offered any sworn testimony.

At the close of the probation violation hearing, the trial court asked defense counsel, "Is it correct that there was an accident with injury where [Defendant] was driving less than thirty days after the sentence was entered?" Defense counsel responded, "It is longer than thirty days, Your Honor. It's probably more like forty-five or fifty, but yes, that is correct."

The trial court decided to fully revoke Defendant's probation and ordered him to serve the balance of his ten-year sentence in TDOC. The court reasoned that Defendant was "given a break on the front end of this and given the opportunity to put this behind [him]." Instead, "within a very short amount of time, [Defendant was] driving when [he] absolutely w[as] not supposed to be driving, ha[d] an accident, [did not] stay around and deal with the issue, and there's an injury involved." Based upon these considerations, the trial court found "no less drastic alternative" than to revoke Defendant's probation and order him to serve the balance of his sentence incarcerated.

Defendant filed a timely notice of appeal, now properly before this court.

*Analysis*

Defendant appeals the trial court's decision to fully revoke his probation. He argues that it lacked authority to order revocation of his probation because there was insufficient evidence to conclude that his violation was non-technical. The State asserts that the trial court had authority to order full revocation based upon Defendant's statements and his failure to object at the probation revocation hearing and that the trial did not abuse its discretion in ordering full revocation. We agree with the State.

The standard of review for a probation revocation case is "abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). A trial court abuses its discretion "when it

- 3 -

applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). "[P]robation revocation is a two-step consideration on the part of the trial court." *Dagnan*, 641 S.W.3d at 757. "The first [step] is to determine whether to revoke probation, and the second [step] is to determine the appropriate consequence upon revocation." *Id*. "[An] appellate court must review both decisions separately for abuse of discretion." *Id.* at 753.

In the context of felony probation, the "probation statute provides for two categories of probation violations, technical and non-technical, with differing penalties for both." *State v. Walden*, No. M2022-00255-CCA-R3-CD, 2022 WL 17730431, at *3 (Tenn. Crim. App. Dec. 16, 2022) (citing Tenn. Code Ann. § 40-35-311 (e)(2)), *no perm. app. filed*. Technical violations are "act[s] that violate[] the terms or conditions of probation but do[] not constitute a new felony, new Class A misdemeanor, zero tolerance violation . . . , absconding, or contacting the defendant's victim in violation of a condition of probation." Tenn. Code Ann. § 40-35-311(g). A trial court is not permitted to order full revocation of a defendant's probation based upon a technical violation unless such violation results in a fourth or subsequent revocation. *Id*. § 40-35-311 (d)(2), (e)(1)(A)(iv). However, where the trial court finds by a preponderance of the evidence that a defendant's violation was non-technical, it may fully revoke the defendant's probation. *Id*. § 40-35-311 (e)(2).

The State argues that Defendant admitted to a violation of probation at the probation violation hearing and that he cannot challenge this admission on appeal. The State specifically asserts that Defendant's concessions at the hearing constituted sufficient evidence for the trial court to find a non-technical violation under Tennessee Code Annotated section 55-10-101 (a), which makes fleeing the scene of an accident a Class A misdemeanor if the accident results in injury or death. Defendant claims that the State cannot rely on this provision because neither the Probation Violation Report nor the Probation Violation Warrant mentioned section 55-10-101. In fact, neither document makes any reference to a specific statutory provision regarding Defendant's new Sevier County charges. The only documents in the record that make such references are the Sevier County arrest warrants upon which the Probation Violation Report and Probation Violation Warrant rely. The Sevier County arrest warrant charging Defendant with fleeing the scene of an accident cites Tennessee Code Annotated section 55-10-102, which makes fleeing the scene of an accident a Class A misdemeanor where the damage caused by the defendant exceeds $1,500. *Id*. § 55-10-102 (b)(2). Defendant argues that the evidence was insufficient to establish a non-technical violation based upon section 55-10-102 (b)(2) because the State failed to introduce any evidence regarding damages caused by the accident.

- 4 -

At the outset, we are puzzled with the fact that neither party offered evidence in support of their arguments at the probation revocation consequences hearing. Nevertheless, we find that Defendant waived this issue on appeal by failing to take reasonable action to prevent or nullify the alleged error. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *see also State v. Banks*, 271 S.W.3d 90, 170 (Tenn. 2008) ("[A] party who invites or waives error, or who fails to take reasonable steps to cure an error, is not entitled to relief on appeal."). At the hearing, the Defendant admitted that he violated his probation and left the consequences of the violation to the trial court. The State in its recitation of the facts provided, "Apparently [Defendant] was involved in a motor vehicle accident in which the victim did sustain injuries, a Class A misdemeanor. . . . He pled guilty subsequently in sessions court to those charges . . . and, therefore, he's before the Court today." Defendant did not object to these facts. In fact, when the trial court asked whether Defendant was involved in an accident resulting in injury less than thirty days after the original sentence, defense counsel responded, "It is longer than thirty days, Your Honor. It's probably more like forty-five or fifty, but yes, that is correct." Defendant cannot now challenge the trial court's finding of a non-technical violation when Defendant failed to object to the State's assertion that he committed a Class A misdemeanor and affirmatively represented to the trial court that an injury had occurred in the accident.

Neither did the trial court abuse its discretion by ordering a full revocation. *Dagnan,* 641 S.W.3d. at 759. The trial court emphasized that "[Defendant was] given a break on the front end" but nevertheless chose to shortly thereafter "drive[] when [he] absolutely [was] not supposed to be driving, [had] an accident, [did not] stay around and deal with the issue, and there's an injury involved." Moreover, Defendant failed to present any mitigating evidence at the probation violation hearing, choosing to rely solely on his claimed intention to move to New York with his sisters to rely on public transportation. Based upon these considerations, the trial court explicitly found "no less drastic alternative," and we find no reason to disturb that decision. Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 5 -